NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

|  |  |  |
|---|---|---|
| | : | |
| H.T., a minor, by her parents, S.T. and S.C., | : | |
| S.T., individually, and S.C., individually, | : | |
| | : | |
| Plaintiffs, | : | Civ. No. 04-1633 (AET) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| EAST WINDSOR REGIONAL SCHOOL | : | |
| DISTRICT and DAVID VARGAS, | : | |
| | : | |
| Defendants. | : | |
| | : | |

---

THOMPSON, U.S.D.J.

**I.**   **Introduction**

This matter comes before the Court on Defendant David Vargas's Motion for Summary Judgment.[1]  The Court has considered the written submissions of the parties, without oral argument, pursuant to Fed. R. Civ. P. 78.  For the following reasons, the Court will deny Vargas's Motion for Summary Judgment on Count Three of the Complaint, and will grant in part and deny in part Vargas's Motion on Count Four.

**II.**   **Background**

Plaintiff H.T. is a former student of Hightstown High School, a school within Defendant East Windsor Regional School District.  As a fourteen-year-old ninth-grade student in December

---

[1]      Defendant East Windsor Regional School District has also filed a Motion for Summary Judgment, which the Court decides separately.

2002, H.T. was sexually molested by Vargas, who was employed as a "Campus Monitor" by the School District.  On April 8, 2004, H.T. and her parents, S.T. and S.C., sued the School District and Vargas in this Court, claiming, inter alia, violations of civil rights and emotional distress.

H.T. claims that on occasions prior to the incident, Vargas told her she was pretty, touched her hair, and bought her a bagel.  On the date of the incident, Vargas waved to H.T. from the hallway outside the cafeteria where she was in study hall.  Vargas led H.T. into a storage room or custodian's office where he sexually molested her, which Plaintiffs describe in the Complaint and in their brief.  (See, e.g., Compl. at p. 3, ¶ 5; Pls.' Br. Opp'n Defs.' Mots. Summ. J. ("Pls.' Br.") at 2-3.)  H.T. was able to get away from Vargas and went back to the cafeteria. H.T. claims that Vargas confronted her at her locker later that day and made a sexually explicit reference to the earlier incident, and that, a few days later in the hallway, he offered her money for sex.  (Sweetser Cert. Ex. B at 111, 133.)  Three to four weeks later, H.T. reported the incident to her friend, who told H.T.'s father, S.T.  S.T. contacted the police, who arrested Vargas.  On September 17, 2004, Vargas pled guilty to third degree endangering the welfare of a child and fourth degree criminal sexual contact.  (Sweetser Cert. Ex. D at 2.)

H.T. and her parents claim that they suffer many emotional, psychological, and social problems due to the molestation.  Plaintiffs seek relief against Vargas in two counts of the Complaint, alleging in Count Three that Vargas recklessly, carelessly, negligently, and/or intentionally injured H.T.; and alleging in Count Four that both Defendants caused S.T. and S.C. extreme emotional distress, medical and related expenses for H.T.'s treatment, and loss of H.T.'s companionship and contribution.  Defendants filed Answers to Plaintiffs' Complaint and subsequently filed Motions for Summary Judgment.

### III.    Discussion

#### A.    Summary Judgment Analysis

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  In deciding whether summary judgment should be granted, the Court considers "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits," and construes all facts and inferences in the light most favorable to the nonmoving party.  Fed. R. Civ. P. 56(c); see also Curley v. Klem, 298 F.3d 271, 276-77 (3d Cir. 2002).  To survive a motion for summary judgment, a plaintiff cannot rely merely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

#### B.    Count Three

Vargas argues his Motion should be granted as to H.T.'s claims of severe physical and mental injury due to his reckless, careless, negligent, and/or intentional acts because there is no evidence to support that H.T. has suffered and will suffer severe physical and mental injury, emotional distress, and other damages.  (Def. Vargas's Br. Supp. Summ. J. Mot. ("Def Vargas's Br.") at 11-12.)  Plaintiffs counter that, first, "'severe emotional and physical harm' is not an element of causes of action for negligence, assault or battery," and second, that they have presented sufficient evidence of H.T.'s severe emotional harm.  (Pls.' Br. at 24-25.)

To the extent that H.T. claims Vargas is liable for assault or battery, the Court finds that she has presented sufficient facts of her harm that could enable a reasonable fact finder to return

a verdict for H.T. on those theories.  See Anderson, 477 U.S. at 252.  To the extent that H.T.
asserts intentional and/or negligent infliction of emotional distress, the Court finds that she has
presented evidence that could support a reasonable jury's finding that H.T.'s emotional harm was
severe, as required for recovery on those theories.  For instance, H.T. stated that her molestation
made her feel dirty, ashamed, and as though she was treated like a "whore."  (Sweetser Cert. Ex.
B at 123-24.)  H.T. attended therapy, dropped out of high school, became physically and verbally
abusive of her parents, she was constantly angry, and she is unable to have a healthy attitude
toward sex.  (Id. at 51-54, 137-40, 165, 170-73.)  Further, Plaintiffs' expert report opines that
H.T. has suffered emotional, psychological, and physiological symptoms consistent with
"posttraumatic stress disorder."  (Sweetser Cert. Ex. L at 6-9.)  The Court finds a genuine issue
of material fact as to whether H.T. suffered emotional harm, and as to whether that harm was
severe, and thus will deny Vargas's Motion as to Count Three.

     C.     Count Four

     Vargas argues that his Motion should be granted as to S.T. and S.C.'s claims of extreme
emotional distress, medical and related expenses for H.T.'s treatment, and loss of H.T.'s
companionship and contribution because: (1) the law does not provide for damages for the
emotional distress of H.T.'s parents; (2) New Jersey does not recognize a parent's right to
recover per quod damages for the loss of a child's society and companionship, and S.T. and S.C.
have not suffered a loss of either H.T.'s past or future services; and (3) while S.C. may have paid
medical expenses for H.T.'s treatment, S.T. has not incurred any medical expenses for H.T.'s
treatment.  (Def. Vargas's Br. at 1.)  S.T. and S.C. argue that they may assert claims, under N.J.
Stat. Ann. § 2A:14-2.1, for their damages due to H.T.'s injury from Vargas's wrongful acts, and

-4-

that they have viable per quod claims against Vargas under federal and state law.

### 1.   S.T. and S.C.'s Emotional Distress

Vargas argues that S.T. and S.C. cannot recover emotional distress damages under either an intentional or negligent infliction theory because they were not "direct victims" of Vargas's conduct, and because their distress is not severe or accompanied by physical injury.  (Def. Vargas's Br. at 5-8.)  Because S.T. and S.C. were neither present at the time of H.T.'s molestation, nor did they observe it, they may not recover for their own emotional distress under either an intentional or negligent infliction theory.  See Buckley v. Trenton Saving Fund Soc., 111 N.J. 355, 366 (1988) (stating "where such conduct is directed at a third person, the actor is subject to liability if he intentionally or recklessly causes severe emotional distress . . . to a member of such person's immediate family who is present at the time . . . ."); Portee v. Jaffee, 84 N.J. 88, 101 (N.J. 1980) (requiring "observation of the death or injury at the scene of the accident" to establish a prima facie case for negligent infliction of emotional distress under New Jersey law).  Further, S.T. and S.C. claim emotional distress from observing and experiencing H.T.'s resultant personality change, not from her molestation itself.  (See Pls.' Local R. 56.1 Statement of Undisputed Material Facts ¶¶ 59-66.)

Therefore, even construing the facts in the light most favorable to S.T. and S.C., there is no genuine issue of material fact as to Vargas's alleged intentional or negligent infliction of emotional distress upon them.  Thus, Vargas's Motion will be granted on Count Four to the extent that S.T. and S.C. claim intentional or negligent infliction of emotional distress.

### 2.   S.T. and S.C.'s Per Quod Claims

Vargas further argues that he must be granted summary judgment on Count Four because:

(1) New Jersey law does not allow a parent to recover per quod damages for the loss of companionship and society of a child; and (2) S.T. and S.C. have not presented evidence that they were deprived of H.T.'s past services; and H.T. has not suffered any severe injury which will deprive her parents of her future services.  Plaintiffs argue that S.T. and S.C.'s per quod claims are cognizable under federal and state law.

Plaintiffs first argue that because the Third Circuit has held that a parent whose child has died as a result of unlawful state action (in placing the child in the care of an abusive parent) may maintain an action under Section 1983 for deprivation of liberty, that right should be extended to a parent whose child has been molested by a public school employee, as in the case at bar.  (Pls.' Br. at 17 (citing Estate of Bailey v. County of York, 768 F.2d 503, 509 (3d Cir. 1985).)  This Court, however, declines to so extend the right, especially in light of the Third Circuit's reluctance to further expand the ruling in Bailey.  See McCurdy v. Dodd, 352 F.3d 820, 829 (3d Cir. 2003) (refusing to extend a right of action under Section 1983 to a parent whose adult son was killed by police officers and "hesitat[ing] to extend the Due Process Clause to cover official actions that were not deliberately directed at the parent-child relationship").  Thus, Vargas's Motion on Count Four is granted to the extent that S.T. and S.C. seek recovery under federal law.

Plaintiffs further claim that New Jersey law permits S.T. and S.C.'s claims for loss of H.T.'s companionship and contribution.  First, as to the companionship claims, the Appellate Division has stated that parents' per quod damages resulting from negligent injuries to a minor child are limited to loss of services, earnings, and medical expenditures, and do not include loss of companionship and society.  See McDonald v. Lederle Labs., 841 A.2d 948, 952 (N.J. Super. Ct. App. Div. 2004); Tynan v. Curzi, 753 A.2d 187, 189, 192 (N.J. Super. Ct. App. Div. 2000).

-6-

The Tynan court refused to allow parents recovery for loss of companionship and society in negligence actions, but cited with approval a lower court case that distinguished intentional tort cases, such as common law seduction of a child, where such recovery had been allowed. Tynan, 753 A.2d at 189 (citing Brennan v. Biber, 225 A.2d 742, 752 (N.J. Super. Ct. Law Div. 1966)).

Here, S.T. and S.C. seek recovery against Vargas for their loss of H.T.'s companionship flowing from his intentional acts. Thus, as this is not a pure case of negligence, it does not appear that Tynan and McDonald are controlling. The Court has been unable to uncover a pronouncement from the Supreme Court of New Jersey on this issue, but the Appellate Division case law seems to distinguish between cases of negligence and intentional torts, where parents may be able to recover for loss of a child's companionship. Thus, the Court is unable to conclude as a matter of law that H.T.'s parents are prohibited, under New Jersey law, from recovery for their loss of H.T.'s companionship due to Vargas's intentional tortious acts. Accordingly, Vargas's Motion will be denied as to this issue.

Second, as to S.T. and S.C.'s contribution claim, Vargas argues that they have failed to prove actual loss of H.T.'s past services, because "H.T.'s money was not used to help support the household." (Def. Vargas's Br. at 10.) Still, S.T. and S.C. may assert the loss of H.T.'s past non-monetary contributions "in the everyday affairs of the household." Brennan, 225 A.2d at 748. The Court finds that Plaintiffs have submitted sufficient evidence to create a genuine issue of material fact as to whether H.T.'s parents have suffered a loss of her past contributions, and accordingly, Vargas's Motion will be denied as to this issue as well.

As to S.T. and S.C.'s claim of loss of H.T.'s future services, Vargas argues that there is no evidence that H.T. has suffered permanent injury that would enable them to recover for loss of

her future services, and after all, S.T. testified that H.T. has been employed.  (Def. Vargas's Br. at 10.)  As detailed above in section III.B, the Court finds a genuine issue of material fact as to whether H.T.'s harm was severe, thus resulting in a permanent injury that could cause a decrease in her services to S.T. and S.C.  Thus, Vargas's Motion will be denied as to this issue as well.

### 3.   S.T. and S.C.'s Medical and Related Expenses

Under New Jersey law, when an injured minor child brings an action against a defendant, the child's parent may claim damages suffered by him because of the injury to the child caused by the defendant's wrongful act.  N.J. Stat. Ann. § 2A:14-2.1.  Vargas admits that there is a question as to whether S.C. incurred medical expenses for H.T.'s treatment, however, he argues that S.T. did not incur any expenses and, thus, S.T.'s claim must be dismissed.  S.T. admitted having incurred no out-of-pocket expenses for his daughter's medical treatment.  (See Mellk Cert. Ex. B at 60-61.)  Thus, Vargas's Motion will be granted as to Count Four to the extent that S.T. seeks recovery for expenses for H.T.'s medical treatment.

## IV.   Conclusion

For the foregoing reasons, Vargas's Motion for Summary Judgment will be granted as to Count Four, but only to the extent that S.T. and S.C. seek recovery against Vargas for: (1) intentional and/or negligent infliction of emotional distress; (2) per quod damages on the basis of federal law; and (3) S.T.'s own expenses for H.T.'s medical treatment.  Vargas's Motion will be denied as to Count Three and as to all remaining claims in Count Four.  The accompanying Order will be entered.

s/ Anne E. Thompson

ANNE E. THOMPSON, U.S.D.J.

Dated: 11/3/06

-8-