NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

H.T., a minor, by her parents, S.T. and S.C.,
S.T., individually, and S.C., individually,

    Plaintiffs,

v.

EAST WINDSOR REGIONAL SCHOOL
DISTRICT and DAVID VARGAS,

    Defendants.

Civil No. 04-1633 (AET)

**MEMORANDUM & ORDER**

THOMPSON, U.S.D.J.

I.    Introduction

This matter is before the Court on Defendant David Vargas's ("Vargas") Motion for Reconsideration of this Court's Opinion and Order, signed November 3, 2006, and entered November 6, 2006, [docket #s 27 and 28]. The Court has decided this Motion after considering the written submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. Because Vargas has failed to meet the standard required for the Court to grant a motion for reconsideration, his Motion is denied.

II.    Background

The Court incorporates by reference the information provided in its Opinion and Order entered November 6, 2006 ("November 6th Opinion"). In the November 6th Opinion, the Court granted in part and denied in part Vargas's Motion for Summary Judgment of Counts Three and

Four of the Complaint. Vargas subsequently filed the instant Motion for Reconsideration, asking the Court to reconsider solely its decision denying Vargas's Motion as to S.T. and S.C.'s claims seeking recovery, under New Jersey law, for their loss of H.T.'s companionship due to Vargas's intentional tortious acts. On December 6, 2006, Plaintiffs advised the Court by letter that they would not submit an opposition to Vargas's Motion for Reconsideration, and instead would "rely upon their previous opposition to [Vargas's] motion for summary judgment and the reasoning given by the Court in its Opinion denying summary judgment." (Pls.' Dec. 6, 2006 Letter at 1.)

III. Discussion

    A. Standard of Review

A court will grant a motion for reconsideration only if the movant establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). Under Local Civil Rule 7.1(i), a party making a motion for reconsideration must submit a "brief setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." D.N.J. Civ. R. 7.1(i). In other words, the movant may address only matters that were presented to the Court, but were not considered by the Court in making the decision at issue. United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). A party asserting a difference of opinion with a court's decision should not bring a motion for reconsideration; rather, he or she should seek relief through the normal appellate process. Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); Florham Park

Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988). "[R]econsideration is an extraordinary remedy, that is granted very sparingly." Brackett v. Ashcroft, No. 03-3988, 2003 U.S. Dist. LEXIS 21312, at *5 (D.N.J. Oct. 7, 2003).

    B.    Analysis

In the November 6th Opinion, the Court discussed Vargas's Motion for Summary Judgment of S.T. and S.C.'s claims for loss of H.T.'s companionship due to Vargas's acts as follows:

> [T]he [New Jersey Superior Court,] Appellate Division has stated that parents' per quod damages resulting from negligent injuries to a minor child are limited to loss of services, earnings, and medical expenditures, and do not include loss of companionship and society. See McDonald v. Lederle Labs., 841 A.2d 948, 952 (N.J. Super. Ct. App. Div. 2004); Tynan v. Curzi, 753 A.2d 187, 189, 192 (N.J. Super. Ct. App. Div. 2000). The Tynan court refused to allow parents recovery for loss of companionship and society in negligence actions, but cited with approval a lower court case that distinguished intentional tort cases, such as common law seduction of a child, where such recovery had been allowed. Tynan, 753 A.2d at 189 (citing Brennan v. Biber, 225 A.2d 742, 752 (N.J. Super. Ct. Law Div. 1966)).
>
>     Here, S.T. and S.C. seek recovery against Vargas for their loss of H.T.'s companionship flowing from his intentional acts. Thus, as this is not a pure case of negligence, it does not appear that Tynan and McDonald are controlling. The Court has been unable to uncover a pronouncement from the Supreme Court of New Jersey on this issue, but the Appellate Division case law seems to distinguish between cases of negligence and intentional torts, where parents may be able to recover for loss of a child's companionship. Thus, the Court is unable to conclude as a matter of law that H.T.'s parents are prohibited, under New Jersey law, from recovery for their loss of H.T.'s companionship due to Vargas's intentional tortious acts. Accordingly, Vargas's Motion will be denied as to this issue.

Defendant argues that the common law of New Jersey does not provide a cause of action for parents' recovery for loss of companionship due to either a negligent or intentional tort against their child. Defendant argues, thus, that the Court has "create[d] a new state cause of action," in denying Vargas's Motion for Summary Judgment on this issue. (Def.'s Br. at 5.) Therefore, it

appears that Vargas bases his Motion solely on the "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe, 176 F.3d at 677.

The Court finds no need to correct a clear error of law or fact or to prevent any manifest injustice resulting from the November 6th Opinion. The Court notes Vargas's disagreement with the Court's decision and has carefully considered his myriad arguments, which, though well-constructed, fail to show that the Court has erred. Importantly, Vargas points to no decision by the Supreme Court of New Jersey or other controlling authority that clearly prohibits a parent's recovery for loss of a child's companionship due to intentional tortious injury by another. Vargas extensively discusses New Jersey law to support his argument that the Court reached a conclusion he believes was wrong, but the discussions do not show that the conclusion was in direct contravention of settled law. Thus, the Court has not committed a clear error of law warranting reconsideration of the November 6th Opinion.

Vargas also appears to assert that manifest injustice will result because the Court's decision will require a "bevy of new decisional law" and will "impos[e] upon the New Jersey judiciary the burden of construing [a new cause of action] out of whole cloth." (Def.'s Br. at 12-13.) The Court is not persuaded by Vargas's arguments because: (1) he asserts no personal prejudice other than having to defend against this particular claim; (2) he is free to appeal the Court's decision if Plaintiffs do in fact recover on this ground; and (3) the Court's decision is not binding upon New Jersey state courts.

In the November 6th Opinion, the Court concluded that the law on this issue was devoid of a clear pronouncement from the Supreme Court of New Jersey, and thus, the Court was unprepared to grant summary judgment on this claim as a matter of law. The Court notes

appears that Vargas bases his Motion solely on the "need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe, 176 F.3d at 677.

The Court finds no need to correct a clear error of law or fact or to prevent any manifest injustice resulting from the November 6th Opinion. The Court notes Vargas's disagreement with the Court's decision and has carefully considered his myriad arguments, which, though well-constructed, fail to show that the Court has erred. Importantly, Vargas points to no decision by the Supreme Court of New Jersey or other controlling authority that clearly prohibits a parent's recovery for loss of a child's companionship due to intentional tortious injury by another. Vargas extensively discusses New Jersey law to support his argument that the Court reached a conclusion he believes was wrong, but the discussions do not show that the conclusion was in direct contravention of settled law. Thus, the Court has not committed a clear error of law warranting reconsideration of the November 6th Opinion.

Vargas also appears to assert that manifest injustice will result because the Court's decision will require a "bevy of new decisional law" and will "impos[e] upon the New Jersey judiciary the burden of construing [a new cause of action] out of whole cloth." (Def.'s Br. at 12-13.) The Court is not persuaded by Vargas's arguments because: (1) he asserts no personal prejudice other than having to defend against this particular claim; (2) he is free to appeal the Court's decision if Plaintiffs do in fact recover on this ground; and (3) the Court's decision is not binding upon New Jersey state courts.

In the November 6th Opinion, the Court concluded that the law on this issue was devoid of a clear pronouncement from the Supreme Court of New Jersey, and thus, the Court was unprepared to grant summary judgment on this claim as a matter of law. The Court notes

Vargas's intelligent arguments and analysis, but "even the most legitimate disagreement with [the Court's] assessment" of the existence of this kind of recovery is insufficient to justify reconsideration. In re Consol. Parlodel Litig., 22 F. Supp. 2d 320 (D.N.J. 1998). Thus, the Court finds that Vargas has not demonstrated a clear error of law or fact, or any manifest injustice, resulting from the November 6th Opinion.

IV. Conclusion

For the foregoing reasons and for good cause shown,

It is on this 12th day of January, 2007,

**ORDERED** that Defendant David Vargas's Motion for Reconsideration [32] is **DENIED**.

                                          s/ Anne E. Thompson
                                    ANNE E. THOMPSON, U.S.D.J.